IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF FLORIDA
WEST PALM BEACH DIVISION

| | |
|---|---|
| BEIJING WEISHITONG AVIATION TECHNOLOGY CO., LTD.,<br>*Petitioner*,<br><br>v.<br><br>TSSCI LLC,<br>*Respondent*. | Civil Action No: ________________ |

**BEIJING WEISHITONG AVIATION TECHNOLOGY CO., LTD.'S PETITION TO CONFIRM AND ENTER JUDGMENT ON FINAL ARBITRAL AWARD**

Petitioner Beijing Weishitong Aviation Technology Co., Ltd. ("BWAT") moves this Court to confirm the Final Award, Exhibit A (the "Award") under the Convention on the Recognition and Enforcement of Foreign Arbitral Awards ("the New York Convention") and the Federal Arbitration Act ("FAA"). The Award should be confirmed against TSSCI LLC ("TSSCI"). In support of its Petition, BWAT states as follows:

**PARTIES**

1. Petitioner BWAT is a limited liability company incorporated under the laws of the People's Republic of China with a principal place of business located at Room 2225, Building 2, Courtyard 2, Baolian 2nd Street, Shunyi District, Beijing City, China.

2. Respondent TSSCI is a Delaware limited liability company, registered as a foreign limited liability company and in good standing in Florida, with its

principal place of business located at 2255 Glades Road, Suite 150, Boca Raton, FL 33433.

## JURISDICTION

3. BWAT, a Chinese company, seeks confirmation of a foreign arbitral award rendered its favor and against TSSCI, a Delaware company with its principal place of business in Boca Raton, Florida. The New York Convention thus applies because the Award arises out of a "commercial" relationship that is not "entirely between citizens of the United States." 9 U.S.C. § 202; *see also* Ex. A ¶79 (acknowledging applicability of the New York Convention).

4. This Court has original jurisdiction under Chapter 2 of the Federal Arbitration Act ("FAA"), 9 U.S.C. § 201 et seq., because this confirmation action "fall[s] under" under the New York Convention. 9 U.S.C. § 203.

5. The amount in controversy exceeds $75,000, and the action is between a citizen of Delaware with its principal place of business located in Florida (TSSCI) and the citizen or subject of a foreign nation (BWAT). So, this Court also has subject-matter jurisdiction under 28 U.S.C. § 1332(a).

## VENUE

6. United States District Courts have jurisdiction to confirm and enforce foreign arbitral awards. 9 U.S.C. § 203. "An action or proceeding over which the district courts have jurisdiction pursuant to section 203 of this title may be brought in any such court in which save for the arbitration agreement an action or proceeding

with respect to the controversy between the parties could be brought" 9 U.S.C. § 204. Venue is proper in "a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred." 28 U.S.C. § 1391(b)(2). A substantial part of the events that gave rise to the arbitration proceedings occurred in Boca Raton, FL.

## FACTUAL BACKGROUND

7. On May 7, 2024, BWAT and TSSCI entered into a contract ("Sales & Purchase Contract I") in which BWAT agreed to purchase from TSSCI one electronic engine control box with the model number PN115E9716G1 or alternative part number PN2500M34P08 ("Aircraft Engine Electronic Control Box" or "EEC") with a goods Delivered at Place ("DAP") price of $926,839.00. Ex. A ¶ 6. Sales and Purchase Contract I is attached as Exhibit B.

8. On May 14, 2024, BWAT and TSSCI entered into another contract, ("Sales and Purchase Contract II") (Sales and Purchase Contracts I and II are collectively referred to as the "Contracts") in which BWAT agreed to purchase from TSSCI one pump-main fuel assay with model number PN6970-141 or alternative part number PN2496M32P06 ("Aircraft Fuel Pump" or "PUMP"), with a goods DAP price of $660,000. Ex. A ¶ 7. Sales and Purchase Contract II is attached as Exhibit C.

9. Article 12 of each of the Contracts provides that all disputes between the parties be resolved in binding arbitration. Specifically, Article 12 of each of the Contracts provides:

**Article 12: Applicable law and dispute resolution:**

This Contract and related documents shall be governed by the laws of China. Any dispute, dispute or claim arising out of or in connection with this Contract, including the validity, validity, interpretation, performance, non-performance, or termination of the Contract, or any non-contractual obligation arising out of or in connection with this Contract, shall be submitted to Beijing Arbitration Commission («BAC»). Make a final award by its rules in force at the time of filing the notice of arbitration. The place of arbitration shall be Beijing. The arbitration proceedings shall be conducted in Chinese. The arbitral award is final and cannot be appealed.

Ex. B, Article 12; Ex. C, Article 12; *see also* Ex. A at ¶8.

10. BWAT made all advance payments required under the Contracts in this case. TSSCI, however, refused to deliver the EEC and the PUMP. Ex. A ¶¶ 32-41.

11. BWAT made repeated requests to TSSCI to deliver the EEC and the PUMP or refund the payments BWAT made. *Id.* ¶ 41. TSSCI failed to do either. *Id.*

12. On July 22, 2024, BWAT issued two "Termination and Recission of Contract Statements" to TSSCI. *Id.* ¶ 42. BWAT terminated the Contracts and demanded that TSSCI immediately refund all payments made by BWAT. *Id.*

13. TSSCI did not issue a refund to BWAT. *Id.*

14. On September 10, 2024, BWAT submitted an Arbitration Application to the Commission. *Id.* ¶ 15.

15. On September 29, 2024, the Beijing Arbitration Commission ("Commission") accepted the case and assigned it case number (2024) Beijing Arbitration Case No. 10226. *Id.* ¶ 16. The Commission served BWAT with the Notice of Acceptance, the Arbitration Rules, the "Beijing Arbitration Commission Panel of

Arbitrators," and other documents. *Id.* ¶ 17. The Commission also served TSSCI with the Notice of Defense, the Arbitration Rules, the "Beijing Arbitration Commission Panel of Arbitrators," BWAT's Arbitration Application, and the relevant evidentiary materials. *Id.*

16. On January 20, 2025, the Commission sent the "Notice of Constitution of the Arbitral Tribunal" and the "Notice of Hearing" to both parties and informed them of the composition of the Arbitral Tribunal. *Id.* ¶18. The Arbitral Tribunal informed the parties that a hearing had been scheduled to be held in Beijing, China on March 5, 20205. *Id.*

17. On February 12, 2025, the Arbitral Tribunal issued "Procedural Order No. 1," which informed both parties of procedural matters, deadlines for submission of evidence, deadlines for submission of statements of defense, and opining on whether foreign language evidentiary materials needed to be accompanied by Chinese translations. *Id.* ¶ 19.

18. TSSCI filed a response on March 4, 2025, that included an objection to jurisdiction,[1] a statement of remorse, a substantive defense, a settlement proposal, requested relief, and evidentiary attachments. *Id.* ¶ 20.

19. On March 4, 2025, the Commission sent a "Notice of Rescheduling of Hearing" to both parties and reset the arbitration proceedings to April 14, 2025. *Id.* ¶ 21.

[1] The arbitrators later determined that the Commission had jurisdiction. Ex. A ¶88.

20. BWAT submitted its "Reply to the Respondent's Objection to Jurisdiction" to the Commission on March 21, 2025. *Id.* ¶ 22. BWAT argued that TSSCI's objections should be dismissed. *Id.* On March 24, 2025, the Commission sent BWAT's "Reply to the Respondent's Objection to Jurisdiction" to both parties and authorized the Arbitral Tribunal to make a determination on relevant jurisdiction objections raised by TSSCI. *Id.* ¶ 23.

21. On April 5, 2025, TSSCI submitted materials to the Commission via email with the subject line "Respondent's Submission Regarding the Hearing Arrangements of the Beijing Arbitration Commission" and raised objections to jurisdiction. *Id.* ¶ 24.

22. The Arbitral Tribunal held an arbitration hearing on April 14, 2025. *Id.* ¶ 21. Both parties presented and cross-examined evidence and made oral arguments to the arbitrators. *Id.* ¶¶ 21, 25-26.

23. On August 5, 2025, after the conclusion of the hearing, the Arbitral Tribunal requested both parties provide feedback on the status of post-hearing settlement discussions. *Id.* ¶ 27. The Arbitral Tribunal also requested that TSSCI provide certain documents *Id.* TSSCI never provided the requested documents. *Id.*

24. On October 11, 2025, TSSCI emailed materials to the Commission, and those materials were forwarded to BWAT. *Id.* ¶ 28. The Commission asked BWAT for comment on the materials. *Id.* BWAT submitted comments on October 20, 2025, and

stated: "The email materials sent by [TSSCI] are irrelevant to this case, and [BWAT] will not comment." *Id.* ¶ 29.

25. On November 3, 2025, the Arbitral Tribunal issued a reasoned, detailed Final Award in BWAT's favor, finding that BWAT fulfilled its contractual obligations while TSSCI did not. *See e.g.,* Ex. A.

26. The Arbitral Tribunal awarded BWAT the following:

a. Damages in the amount of $1,123,419.50 to compensate BWAT for the payments of $463,419.50 it made under the Sales and Purchase Contract I and of $660,000.00 it made under the Sales and Purchase Contract II. *Id.* ¶ 124(1).

b. Accrued liquidated damages totaling $124,428.14 as of the date of this Petition. These damages are calculated as follows: "liquidated damages of USD 14,458.69 under the 'Sales & Purchase Contract [I]' with the number WST-TSSCI-20240506A, provisionally calculated up to September 9, 2024, as well as liquidated damages calculated based on USD 463,419.50 at a daily rate of 0.03% [i.e., $139.03 per day] from September 10, 2024 to the actual payment date."[2] *Id.* ¶ 124(2);

c. Accrued liquidated damages totaling $177,824.00 as of the date of this Petition. These damages are calculated as follows: "liquidated damages of

[2] Current liquidated damages have been calculated for the period from September 10, 2024, through the filing date of November 9, 2026. Liquidated damages continue to accrue after the filing date at the daily rate of $139.03.

USD 21,186 under the 'Sales & Purchase Contract [II]' with the number WST-TSSCI-20240506B, provisionally calculated up to September 9, 2024, as well as liquidated damages calculated based on USD 660,000 at a daily rate of 0.03% [i.e., $198.00 per day] from September 10, 2024 to the actual payment date."[3] *Id.* ¶ 124(3);

d. Attorneys' fees in the amount of RMB 400,000, which amounts to $56,162.42.[4] *Id.* ¶ 124(4); and

e. Arbitration fees totaling RMB 109,854.05, which amounts to $15,424.17. *Id.* ¶ 124(5).

---

[3] Current liquidated damages have been calculated for the period from September 10, 2024, through the filing date of November 9, 2026. Liquidated damages continue to accrue after the filing date at the daily rate of $198.00.

[4] The Eleventh Circuit follows the breach day rule when converting foreign currency from arbitration awards into the U.S. dollar. *EGI-VSR, LLC v. Coderch Mitjans*, 963 F.3d 1112, 1123 (11th Cir. 2020). The breach day rule applies when a cause of action arises out of US law—in this instance the cause of action arises out of the FAA to enforce this foreign arbitration award. *Id.*; *see also Sequip Participacoes S.A. v. Marinho*, No. 15-23737-MC, 2019 WL 8301064, at *6 (S.D. Fla. Feb. 26, 2019). The breach day rule "requires conversion using the exchange rate on the date that the cause of action arose." *EGI-VSR, LLC*, 963 F.3d at 1123. A cause of action under the FAA arises "as soon as an arbitration award 'is made.'" *Id.* (quoting 9 U.S.C. 207); *see also Shanghai Liyu Optoelectronics Co. v. Brite Lite Tribe, LLC*, No. 24-CV-80690-RLR, 2025 WL 2105776, at *3 (S.D. Fla. July 25, 2025); *Marinho*, 2019 WL 8301064, at *6. The conversion rate is the historic rate listed by the Federal Reserve. *Shanghai Liyu Optoelectronics Co.*, 2025 WL 2105776, at *3 n. 2; *see also see also Marinho*, 2019 WL 8301064, at *6.

Pursuant to the breach day rule and the Federal Reserve, the date of the arbitration award is November 3, 2025, and the historic conversion rate of the federal reserve for the award date is RMB 7.1222 per $1.

27. In total the Arbitral Tribunal awarded BWAT (i) $1,123,419.50; (ii) RMB 509,854.05. which amounts to $71,586.60; and (iii) $302,252.14 in accrued liquidated damages as of the date of this Petition; and (iv) additional liquidated damages accruing at a daily rate of 0.03% of $1,123,419.50, i.e., $337.03 per day, until payment of the Award.

**COUNT I**
**CONFIRMATION OF ARBITRAL AWARD UNDER**
**CHAPTER 2 OF THE FAA AND NEW YORK CONVENTION**

28. -BWAT incorporates the above allegations and further states as follows:

29. This Petition is timely filed within three years of the issuance of the Award. 9 U.S.C. § 207.

30. When presented with a petition to confirm an arbitral award governed by the Convention, courts "shall confirm the award unless it finds one of the grounds for refusal or deferral of recognition or enforcement of the award specified" in Article V of the Convention. 9 U.S.C. § 207; *see Corporacion AIC, SA v. Hidroelectrica Santa Rita S.A.*, 66 F.4th 876, 882 (11th Cir. 2023).

31. The "showing required to avoid summary confirmation is high," *Ottley v. Schwarzberg*, 819 F.2d 373, 376 (2d Cir. 1987), and the burden of establishing the requisite factual predicate to deny confirmation of an arbitral award rests with the party resisting confirmation. *See Imperial Ethiopian Gov't v. Baruch–Foster Corp.*, 535 F.2d 334, 336 (5th Cir. 1976); *Empresa De Telecommunicaciones Do Bogota S.A. E.S.P. v. Mercury Telo Group, Inc.*, 670 F. Supp. 2d 1357, 1361 (S.D. Fla. 2009); *see*

*also* New York Convention, article V(1) ("Recognition and enforcement of the award may be refused, *at the request of the party against whom it is invoked*, only *if* that party *furnishes* to the competent authority ... proof that" one of the enumerated grounds exists) (emphasis added).

32. Here, respondents cannot establish any of the grounds for refusal or deferral of recognition or enforcement under the Convention. *See id.*; *see also Ottley*, 819 F. 2d at 376.

33. Accordingly, this Court "shall confirm" the Award. 9 U.S.C. § 207; *see also* 9 U.S.C. § 208.

**PRAYER FOR RELIEF**

WHEREFORE, PREMISES CONSIDERED, Mare requests that the Court enter an order:

(i) Recognizing and confirming the Award;

(ii) Directing entry of judgment against TSSCI in the amount of $1,497,258.24;

(iii) Directing entry of judgment against TSSCI of liquidated damages accruing at a daily rate of 0.03% of $1,123,419.50, or $337.03 per day, from the date of filing of this Petition to the actual payment date;

(iv) Awarding post-judgment interest under 28 U.S.C. § 1961; and

(v) Granting BWAT such other and further relief as the Court deems just and proper.

Dated: November 9, 2026 By: *Caroline Bradley-Kenney*

Jennifer M. Ersin (Pro Hac Vice Admission Forthcoming)
Caroline Bradley-Kenney (FBN: 1049011)
Bradley Arant Boult Cummings LLP
One Jackson Place
188 E Capitol St, Ste 1000
Jackson, MS 39201
jersin@bradley.com
ckenney@bradley.com

*Attorneys for Beijing* Weishitong *Aviation Technology Co., Ltd.*